UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLUBANJI MILTON MACAULAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-7-M |
| ) | |
| OKLAHOMA COUNTY ) | |
| COMMISSIONERS et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Olubanji Milton Macaulay, appearing pro se and proceeding *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement. *See* Compl. (Doc. No. 1). United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. Upon review of Plaintiff's Complaint, the undersigned recommends that the Court dismiss its claims without prejudice to refiling.

I.   *Standard of Review and the Court's Screening Obligation*

The Court is obligated to conduct an initial review of Plaintiff's Complaint to identify its cognizable claims and to dismiss the pleading, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1); Doc. No. 12. A pro se litigant's complaint must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The broad construction accorded to the pro se litigant's allegations does not, however, "relieve

the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). In evaluating whether a plaintiff has stated a valid claim, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

II. *Plaintiff's Allegations*

Pursuant to 42 U.S.C. § 1983, Plaintiff asserts claims against the Oklahoma County Commissioners, Commissioner Willa Johnson, Commissioner Brian Maughan, prior Oklahoma County Sheriff John Whetsel, and current Oklahoma County Sheriff P.D. Taylor. *See* Compl. at 1, 4-5. The individual Defendants are sued in both their official and individual capacities. *See id.* Plaintiff seeks monetary damages as well as injunctive relief in the form of a transfer to another detention center. *See id.* at 8.

Construing the Complaint liberally, Plaintiff raises a § 1983 claim of unconstitutional conditions of confinement at the Oklahoma County Detention Center ("OCDC"). *See id.* at 7-8. Plaintiff alleges that he has suffered "harmful exposure to toxic

black mold while being detained" at OCDC. *Id.* at 7. Plaintiff's entire factual support is as follows: "On or about the year 2009, OK County Jail discovered evidence of toxic black mold. . . within its facility. Subsequently, ventilation systems have been compromised, thereby causing harm known to originate from this 'mold' exposure." *Id.* at 8.

    III.    Discussion

Plaintiff is a pretrial detainee and, thus, his claims of unconstitutional conditions of confinement arise under the Fourteenth Amendment. *See id.* at 3, 7; *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The scope of protections, however, is analyzed under the Eighth Amendment. *Craig*, 164 F.3d at 495.

The Eighth Amendment requires prison officials to "provide humane conditions of confinement" for inmates. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980) (stating that prison officials must "provide an inmate with shelter which does not cause his degeneration or threaten his mental and physical well being"). To show a violation of the Eighth Amendment based upon constitutionally inadequate conditions of confinement, Plaintiff must satisfy both an objective and a subjective component. To satisfy the objective component, the deprivation must be "sufficiently serious" "as to deprive inmates of the minimal civilized measure of life's necessities" or as to "constitute a substantial risk of serious harm." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (internal quotation marks omitted). As to the subjective component, Plaintiff must show that Defendants "ha[d] a culpable state of

mind"—i.e., that they "act[ed] or fail[ed] to act with deliberate indifference to inmate health and safety." *Id.*; *accord Farmer*, 511 U.S. at 834.

> A. Claim Against Defendant Oklahoma County Commissioners and Claims Against Defendants Johnson, Maughan, Whetsel, and Taylor in Their Official Capacities

Plaintiff has effectively sued Oklahoma County through his claims against the Commissioners and against the individual Defendants in their official capacities. *See Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978)); *see also Brown v. Sedgwick Cty. Sheriff's Office*, 513 F. App'x 706, 708 (10th Cir. 2013). In order to state a viable claim, Plaintiff must plausibly allege that one of the individual Defendants "committed a constitutional violation" and that an Oklahoma County "policy or custom was the moving force behind the constitutional deprivation." *Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014) (internal quotation marks omitted); *accord Brown*, 513 F. App'x at 708.

Here, Plaintiff has described allegedly unlawful conditions at OCDC but pleads no facts to plausibly show an "official policy or custom" of Oklahoma County that "was both deliberately indifferent to his constitutional rights and the moving force behind his injury." *Porro*, 624 F.3d at 1328. "It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983." *Layton v. Bd. of Cty. Comm'rs of Okla. Cty.*, 512 F. App'x 861, 867 (10th Cir. 2013) (alteration, omission, and internal quotation marks omitted). The Court therefore should dismiss the claims against Defendant Oklahoma County Commissioners and against the other

Defendants in their official capacities for failure to state a claim upon which relief may be granted.

  B. <u>Claims Against Defendants Johnson, Maughan, Whetsel, and Taylor in Their Individual Capacities</u>

"A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). But this statute "does not authorize liability under a theory of respondeat superior." *Id.* at 1164. "In a § 1983 suit, . . . masters do not answer for the torts of their servants," and "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Thus, to hold these Defendants personally liable, Plaintiff must allege an "affirmative link" between each of them and the constitutional violation. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Specifically, Plaintiff must allege facts that allow a plausible inference of "(1) personal involvement; (2) sufficient causal connection; and (3) culpable state of mind" as to each of these four Defendants. *Id.* (internal quotation marks omitted).

Plaintiff's Complaint is devoid of such allegations as to any Defendant. Plaintiff merely names these individuals as Defendants and alleges that OCDC had knowledge, nine years ago, of a mold issue. *See* Compl. at 4-5, 7-8. As there is no connection alleged to support the conclusion that any of Defendants Johnson, Maughan, Whetsel, and Taylor are personally liable for any constitutional violation, the Court should dismiss these individual-capacity claims.

5

Case 5:18-cv-00007-M   Document 19   Filed 06/28/18   Page 6 of 6

## RECOMMENDATION

The undersigned recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 19, 2018, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 28th day of June, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

6